IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIAS QUINTANA, d/b/a TRANSNATIONAL BUS & COACH, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| EPISCOPAL SCHOOL OF ACADIANA, INC., | ) Case No. 12-CV-198-JHP<br>)<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are Defendant Episcopal School of Acadiana, Inc.'s ("ESA") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) [Doc. No. 15]; Plaintiff's Response in Opposition to ESA's Motion to Dismiss [Doc. No. 20]; and ESA's Reply to Plaintiff's Response to ESA's Motion to Dismiss [Doc. No. 21].[1] ESA's Motion to Dismiss is **DENIED** as **MOOT** because the Court finds that Plaintiff lacks standing to bring the instant action. Accordingly, Counts I, II, and III of Plaintiff's Complaint [Doc. No. 2] are **DISMISSED** for lack of standing.

**BACKGROUND**

In March of 2009, Defendant contacted Trans National Bus & Coach, L.L.C. ("Trans National"), an L.L.C. organized under the laws of the State of Oklahoma, to inquire about the possibility of leasing several buses from Trans National. On August 15, 2009, the Plaintiff and Defendants entered into a contract whereby Trans National agreed to lease eight school buses to

---

[1] The Court notes that Plaintiff's Supplement to Plaintiff's Motion to Dismiss and Correction to Defendant's Reply [Doc. No. 22] is **STRICKEN** and will not be considered by the Court because Plaintiff failed to comply with LCvR 7.1(k), which provides that "supplemental briefs may be filed only upon motion and leave of Court."

Defendants for a period of five years. [Doc. No. 2, Exhibit 1]. On May 1, 2012, Plaintiff filed this action seeking to recover damages arising from Defendant's alleged breach of a lease agreement between Trans National Bus & Coach, L.L.C. and Defendants. On June 6, 2012, Defendants filed a Motion to Dismiss, asserting that the Court lacked jurisdiction over the person of the Defendant.

## DISCUSSION

### A. Standing

Those who seek to invoke federal court jurisdiction must satisfy the case-or-controversy requirement of Article III of the Constitution. *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983); *Ward v. Utah,* 321 F.3d 1263, 1266 (10th Cir. 2003). Standing is an essential part of this case-or-controversy requirement. *Z.J. Gifts D-4, L.L.C. v. City of Littleton,* 311 F.3d 1220, 1226 (10th Cir. 2002). In resolving the issue of standing, the court must consider both constitutional and prudential standing requirements. *Sac & Fox Nation v. Pierce,* 213 F.3d 566, 573 (10th Cir. 2000). The constitutional component requires the plaintiff to demonstrate three elements: "(1) injury-in fact, (2) causation, and (3) redressability." *Z.J. Gifts,* 311 F.3d at 1226. The first of these requires a litigant to "establish its *own* injury in fact." *Bear Lodge Multiple Use Ass'n v. Babbitt,* 175 F.3d 814, 821 (10th Cir. 1999) (emphasis in original; quotation omitted). Similarly, the prudential component of standing requires, among other things, that "a plaintiff must assert his 'own rights, rather than those belonging to third parties.'" *Bd. of County Comm'rs v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (quoting *Sac & Fox Nation,* 213 F.3d at 573).

As a general rule, a shareholder of a corporation-even a sole shareholder-does not have standing to redress an injury to the corporation. *McDaniel v. Painter,* 418 F.2d 545, 547 (10th Cir. 1969); *Sherman v. British Leyland Motors, Ltd.,* 601 F.2d 429, 439-40 (9th Cir. 1979)

(creditor and sole shareholder had no standing to assert either federal or state law claims); *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 846 (9th Cir. 1976) (majority shareholder may not assert state law claims despite economic injury to him); *Erlich v. Glasner,* 418 F.2d 226 (9th Cir. 1969) (shareholder who, with his wife, owned all the stock of injured corporation, could not maintain an action under 42 U.S.C. § 1983 to redress the injury). *Accord, Gregory v. Mitchell,* 634 F.2d 199, 202 (5th Cir. 1981); *Smith v. Martin,* 542 F.2d 688, 690 (6th Cir. 1976), *cert. denied,* 431 U.S. 905 (1977); *Vincel v. White Motor Corp.,* 521 F.2d 1113 (2d Cir. 1975); *Vanderboom v. Sexton,* 460 F.2d 362, 364 (8th Cir. 1972).

Similarly, members of a limited liability company lack standing to redress injury to the limited liability company. *See* Okla. Stat. Ann. tit. 18, § 2032 (explaining that a membership interest in an Oklahoma LLC is the member's personal property, but members have no interest in specific LLC property); *Ismart Intern. Ltd. v. I-Docsecure, LLC*, 2005 WL 588607 (N.D. Cal. 2005); *Finley v. Takisaki*, 2006 WL 1169794 (W.D. Wash. 2006); *Zipp v. Florian*, 2006 WL 3719373 (Conn. Super. Ct. 2006); *Albers v. Guthy-Renker Corp.*, 92 Fed. Appx. 497 (9th Cir. 2004); *Video Ocean Group LLC v. Balaji Management Inc.*, 2006 WL 964565 (S.D. Tex. 2006).

Here, the injury asserted by Plaintiff is an injury to Trans National, not an injury to Plaintiff. As a member of Trans National, an L.L.C., Plaintiff does not have standing to assert claims on behalf of Trans National. Accordingly, Plaintiff's claims must be dismissed.

## CONCLUSION

For the reasons detailed above, Counts I, II, and III of Plaintiff's Complaint [Doc. No. 2] are **DISMISSED** for lack of standing. Further, ESA's Motion to Dismiss is **DENIED** as **MOOT** because the Court finds that Plaintiff lacks standing to bring the instant action.

**SO ORDERED** this 18th day of December, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma